## Kohn, Adler & Company v. I. Hyman & Company.

*Supplementary proceedings—Oral examination of judgment debtor—Corporations—Officers—Acts of April 14, 1828, and May 9, 1913.*

1. The Act of May 9, 1913, P. L. 197, authorizes the examination of a judgment debtor, and none other may be examined.

2. A debtor corporation is not within the act.

3. Under the Act of May 9, 1913, the court is without authority to compel an officer or representative of a debtor corporation to undergo an oral examination touching property belonging to the debtor corporation.

4. Where discovery is sought against property of a debtor corporation, a method is provided by the Act of April 14, 1828, P. L. 439, which is still in force.

Motion to revoke order for oral examination under the Act of May 9, 1913, P. L. 197. M. C. Phila. Co. (Civil Division), Nov. T., 1926, No. 280.

*Josiah H. Marvis,* for plaintiff; *Levi & Mandel,* for defendant.

CASSIDY, J., April 22, 1927.—The plaintiff corporation obtained a judgment against I. Hyman & Company, the defendant corporation. Afterwards, an execution was issued on this judgment and returned by the sheriff *nulla bona.* Plaintiff subsequently filed a petition, in which it set out the judgment, the execution and the sheriff's return. Plaintiff further avers that it believes defendant has property which should be applied toward the payment of said judgment. Coupled with these averments was a request that the defendant be required to attend the court and be examined concerning defendant's property. In pursuance thereof, the court made the following order: "That the defendant appear before this court for examination." The plaintiff then caused a subpœna to be served upon Isadore Hyman, secretary and treasurer of the defendant corporation, requiring the appearance of said Hyman before the court in order that he be examined concerning the judgment debtor's property. To the petition and order the defendant, through its attorneys, Messrs. Levi & Mandel, filed with this court a motion to revoke the order made, alleging that this court has no power to require the defendant corporation to appear and undergo an oral examination as a judgment debtor, nor has the court any power to require the appearance of any officer of the defendant corporation for the purposes of examination touching the property of the defendant corporation.

The question presented to us by defendant's motion is whether the court may compel an officer or a representative of a debtor corporation to undergo an oral examination concerning the assets of the judgment debtor corporation. The proceeding by which the plaintiff seeks to compel the secretary and treasurer of the defendant corporation to appear before the court is sought on the authority of the Act of May 9, 1913, P. L. 197. A careful reading of this act, which our legislature has designated "An act to provide for the oral examination of a judgment debtor for the purpose of discovering whether he has property which may be made subject to execution on the judgment," convinces us that corporation debtors or the officers of such corporations are not within the language of the act. The statute authorizes the examination of the judgment debtor and none other.

Section 1 of the Act of May 9, 1913, provides: "That in any case in which a final judgment has been or may hereafter be recovered in any court of record in this Commonwealth, upon which an execution has been issued and a return made by the sheriff of the proper county to the effect that property cannot be found sufficient to satisfy the said judgment and execution, upon petition of the plaintiff, under oath, setting forth that he believes the defendant has property which should be applied towards the payment of such judgment, the court shall enter an order . . . requiring the judgment debtor to attend and be examined orally, after being duly sworn or affirmed, . . . concerning his property. . . . The attendance of the debtor for the purposes of such examination may be enforced . . . by subpœna and attachment. . . ."

Section 2 provides: "The judgment debtor may be compelled . . . to answer all pertinent questions addressed to him . . . concerning his property. . . ."

The act requires the presence of the judgment debtor and that he be compelled to answer questions addressed to him concerning his property. The examination of the person subpœnaed by plaintiff would not be a compliance with the act, as it would not be an examination of the judgment debtor "under the oath of the judgment debtor," but an examination of one other than the judgment debtor.

Nor has this court any power under the act to punish the person so subpœnaed should he fail to appear for examination, the reason being that the act applies the penalty to the judgment debtor only.

The court is of the opinion that it is without authority to make the order above referred to and that it has not the right to compel the appearance of the secretary and treasurer or any other officer of the defendant corporation to appear before it in order that he or they may be subjected to an oral examination touching the judgment debtor's property. However, there are other statutory remedies for the relief of creditors of corporations, particularly where, as here, property belonging to the judgment debtor is sought to be reached. The Act of April 14, 1828, P. L. 439, which is designated as "An act to facilitate a recovery of debts due by incorporated companies," sets forth a method for examining corporations against whom a judgment has been secured and a return of *nulla bona* has been made by the sheriff. The Act of April 14, 1828, under certain conditions, authorizes the court to issue a citation to the president, secretary, treasurer or other officers and members of said corporations, requiring them to answer interrogatories, which shall be filed at least fifteen days before the return-date of the said citation, and gives the court the right to issue an attachment for contempt against the person refusing to answer said interrogatories.

While the Act of May 9, 1913, P. L. 197, repeals all acts inconsistent therewith, it does not appear that this act is in conflict with the Act of April 14,

Kohn, Adler & Company *v.* I. Hyman & Company.

1828. We are of the opinion that the Act of April 14, 1828, is still in force and is the proper method of proceeding in cases similar to the one now before us.

And now, April 22, 1927, the motion of the defendant is granted and the order of the court directing the defendant to appear as a witness is hereby revoked.